**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **BIANCA A. HUGHLEY** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civil Case No.: SAG-25-01031** |
| **v.** | * | |
| | * | |
| **SOUTHWEST AIRLINES,** *et al.* | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM OPINION</u>**

Plaintiff Bianca A. Hughley ("Plaintiff") brings this action against her former employer, Southwest Airlines ("Southwest"), and her former union, Transport Workers Union of America, Local 556 ("TWU 556," and with Southwest, "Defendants") arising out of her termination. ECF 5. Both Defendants have filed motions to dismiss, ECF 14, 23, which Plaintiff opposed, ECF 25, 26. Defendants then each filed a reply. ECF 27, 28. This Court has reviewed the filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, Defendants' motions to dismiss will be granted.

### I.   BACKGROUND

The following facts are derived from Plaintiff's complaint, ECF 5, and are assumed to be true for purposes of this motion.

Plaintiff previously worked as a flight attendant for Southwest. *Id.* at 2. A collective bargaining agreement between Southwest and TWU 556 covered Plaintiff's work. *Id.* In early November of 2022, Plaintiff was on an approved leave of absence as well as probation. *Id.* at 2–3. While on this leave and probation, Plaintiff attended a disciplinary meeting. *Id.* Southwest

terminated her employment during the meeting. *Id.* at 3. According to Plaintiff, the collective bargaining agreement does not permit termination of employees on leaves of absence. *Id.*

TWU 556 refused to grieve Plaintiff's termination, informing her that it could not grieve the termination of a probationary employee. *Id.* at 3. TWU 556 also refused to grieve the requirement that Plaintiff attend the disciplinary meeting while she was on an approved leave of absence. *Id.* Plaintiff attempted to grieve her termination, but her grievances were denied. *Id.* at 3. Over two years later, in April of 2025, an unspecified published article disclosed "for the first time" that TWU 556 did, in fact, have the authority to grieve discipline imposed on probationary employees. *Id.* at 3.

Plaintiff now brings two claims. *Id.* at 4–5. In Count I, she alleges that Southwest breached the collective bargaining agreement. *Id.* at 4. In Count II, she alleges that TWU 556 breached its duty of fair representation of her. *Id.* at 4–5.

## II.   LEGAL STANDARD

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendant with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In reviewing a Rule 12(b)(6) motion, a court "must accept as

true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). But if a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

Defendants argue that the statute of limitations bars this action. Statute of limitations constitutes an affirmative defense. Fed. R. Civ. P. 8(c)(1). A court may not reach an affirmative defense in deciding a Rule 12(b)(6) motion to dismiss unless all facts necessary to establish the defense are alleged in the complaint. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).

In determining the appropriate statute of limitations, this Court notes that Plaintiff has brought a hybrid action under the Railway Labor Act. Although the decision reached in grievance or arbitration procedures will ordinarily bar most forms of judicial review of a breach of a collective bargaining agreement claim, the Supreme Court has recognized an exception for such a claim brought alongside a breach of the duty of fair representation claim. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163–64 (1983). In such a hybrid action, the employee alleges that the employer breached the collective bargaining agreement and that the union breached its duty of fair representation in representing the employee during the grievance or arbitration procedures. *Id.* at 164–65. In a hybrid action, a six-month statute of limitations applies to both the breach of contract and the breach of fair representation claims. *Triplett v. Bhd. of Ry., Airline and S.S. Clerks, Freight Handlers, Express & Station Emps., Loc. Lodge No. 308*, 801 F.2d 700, 702 (4th Cir. 1986); *DelCostello*, 462 U.S. at 155.

The six-month statute of limitations begins to run when the employee knew or should have known through the exercise of due diligence that her breach of fair representation claim has accrued. *Dement v. Richmond, Fredericksburg & Potomac R.R. Co.*, 845 F.2d 451, 460 (4th Cir. 1988). That claim generally accrues when the grievance procedure has been exhausted or otherwise breaks down to the disadvantage of the employee. *Id.* More specifically, when the breach of fair representation claim is based on the union's failure to pursue the grievance procedure, the claim accrues when the employee is notified that the union will not pursue the grievance procedure. *DelCostello v. Int'l Bhd. of Teamsters, Chauffeurs & Warehousemen and Helpers of Am.*, 588 F. Supp. 902, 909 n.21 (D. Md. 1984).

Based on this standard, Plaintiff's claim accrued when TWU 556 refused to grieve her termination and the requirement for her to attend the disciplinary meeting. There appears to be no dispute that those events in 2022 occurred over six months before she filed this action in 2025. Plaintiff argues, however, that the claim did not accrue until April, 2025 when a published article disclosed that TWU 556 had authority to grieve discipline of probationary employees. According to Plaintiff, she could not have known that a breach of fair representation had occurred until then.

Plaintiff's argument is unpersuasive. Under federal law generally, a claim accrues when the plaintiff knows sufficient facts, namely, that she has been injured and who caused the injury, that reasonable inquiry will reveal the cause of action. *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995). Here, Plaintiff knew shortly after her 2022 termination that (1) she had suffered an injury in that TWU 556 had refused to grieve her termination and the requirement to attend the disciplinary meeting and (2) TWU 556 had caused that injury by so refusing. At that point, she had sufficient facts for her claim to accrue. She did not need to know the legal basis of her cause of action, and reasonable inquiry would have revealed that she could bring a hybrid

claim. Because Plaintiff's duty of fair representation claim accrued over six months before she filed this action and the statute of limitations applies to both claims in this hybrid action, the statute of limitations bars both of Plaintiff's claims. This Court therefore must dismiss her claims with prejudice on that basis.

## IV.  CONCLUSION

For the reasons stated above, Defendants' motions to dismiss, ECF 14, 23, will be granted. Plaintiff's claims will be dismissed with prejudice, and this case will be closed. A separate Order follows.

Dated: June 23, 2026                                          /s/
                                                    Stephanie A. Gallagher
                                                    United States District Judge